**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **FEDERAL INSURANCE COMPANY,**<br><br>**Plaintiff,**<br>**v.**<br><br>**GILBANE, INC., GILBANE PROPERTIES, INC., GILBANE BUILDING COMPANY, PAUL CHOQUETTE, THOMAS F. GILBANE JR., ROBERT V. GILBANE, WILLIAM J. GILBANE, JR. and RICHARD T. GILBANE,**<br><br>**Defendants.**<br><br>**-and-**<br><br>**GILBANE, INC., GILBANE PROPERTIES, INC., GILBANE BUILDING COMPANY, PAUL CHOQUETTE, THOMAS F. GILBANE JR., ROBERT V. GILBANE, and WILLIAM J. GILBANE, JR.,**<br><br>**Plaintiffs-in Counterclaim,**<br><br>**v.**<br><br>**FEDERAL INSURANCE COMPANY,**<br><br>**Defendant-in-Counterclaim.** | **Case No. 07-132S** |

## REPLY TO COUNTERCLAIM

Defendant-in-counterclaim Federal Insurance Company (“Federal”) replies to the Counterclaim filed by plaintiffs-in-counterclaim Gilbane, Inc. (“Gilbane”), Gilbane Properties, Inc. (“GPI”), Gilbane Building Company (“GBC”), Paul Choquette, Thomas F. Gilbane Jr., Robert V. Gilbane, and William J. Gilbane Jr.

**FIRST DEFENSE**

The Counterclaim fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

With respect to the allegations contained in the separately numbered paragraphs of the Counterclaim, Federal replies as follows.

1. With respect to the allegations contained in paragraph 1 of the Counterclaim, Federal admits that, upon information and belief, Gilbane is a privately held corporation that is organized and incorporated under the laws of the State of Rhode Island with a principal place of business now and at the time this action was commenced in Rhode Island.

2. With respect to the allegations contained in paragraph 2 of the Counterclaim, Federal admits that, upon information and belief, GPI is a corporation organized and incorporated under the laws of the State of Rhode Island with a principal place of business now and at the time this action was commenced in Rhode Island. Federal further admits that, upon information and belief, GPI is a wholly owned subsidiary of Gilbane. Federal has no knowledge or information sufficient to form a belief as to the truth of the allegation that GPI is now named Gilbane Development Company.

3. With respect to the allegations contained in paragraph 3 of the Counterclaim, Federal admits that, upon information and belief, GBC is a corporation organized and incorporated under the laws of the State of Rhode Island with a principal place of business now and at the time this action was commenced in Rhode Island. Federal further admits that, upon information and belief, GBC is a wholly owned subsidiary of Gilbane.

4. With respect to the allegations contained in paragraph 4 of the Counterclaim, Federal admits that, upon information and belief, Paul Choquette is an individual resident and citizen of the State of Rhode Island.

5. With respect to the allegations contained in paragraph 5 of the Counterclaim, Federal admits that, upon information and belief, Thomas F. Gilbane, Jr. is an individual resident and citizen of the State of Rhode Island.

6. With respect to the allegations contained in paragraph 6 of the Counterclaim, Federal admits that, upon information and belief, Robert V. Gilbane is an individual resident and citizen of the State of Rhode Island.

7. With respect to the allegations contained in paragraph 7 of the Counterclaim, Federal admits that, upon information and belief, William J. Gilbane, Jr. is an individual resident and citizen of the State of Rhode Island.

8. Federal admits the allegations in paragraph 8 of the Counterclaim.

9. Paragraph 9 of the Counterclaim states legal conclusions about subject matter jurisdiction that do not require a response. To the extent that a response may nevertheless be deemed required, Federal admits that the amount in controversy is in excess of $75,000 and that there is complete diversity.

10. Paragraph 10 of the Counterclaim states legal conclusions regarding venue that do not require a response. To the extent that a response may nevertheless be deemed required, Federal admits that venue is proper in this district in that all of the plaintiffs-in-counterclaim reside in this district and that many of the events giving rise to this action took place in this district. However, Federal denies that it committed any "omissions" that give rise to any claim.

11. With respect to the allegations contained in paragraph 11 of the Counterclaim, Federal admits that an attorney representing Richard T. Gilbane sent a letter dated September 21, 2004 to the Gilbane Board of Directors, and further admits that the document attached as Exhibit A to the Counterclaim appears to be a true and correct copy of the letter, which Gilbane previously submitted to Federal. Federal further states that the September 21, 2004 letter speaks for itself, and therefore denies the remaining allegations contained in paragraph 11 of the Counterclaim as stated.

12. Federal denies the allegations contained in paragraph 12 of the Counterclaim as stated, on the ground that the September 21, 2004 letter speaks for itself.

13. Federal denies the allegations contained in paragraph 13 of the Counterclaim as stated, on the ground that the September 21, 2004 letter speaks for itself.

14. Federal denies the allegations contained in paragraph 14 of the Counterclaim.

15. With respect to the allegations contained in paragraph 15 of the Counterclaim, Federal admits that an attorney representing Richard T. Gilbane sent a letter dated December 3, 2004 to the Gilbane Board of Directors, and further admits that the document attached as Exhibit B to the Counterclaim appears to be a true and correct copy of the letter, which Gilbane previously submitted to Federal. Federal further states that the December 3, 2004 letter speaks for itself, and therefore denies the remaining allegations contained in paragraph 15 of the Counterclaim as stated.

16. Federal denies the allegations contained in paragraph 16 of the Counterclaim as stated, on the ground that the December 3, 2004 letter speaks for itself.

17. Federal denies the allegations contained in paragraph 17 of the Counterclaim.

18. With respect to the allegations contained in paragraph 18 of the Counterclaim, Federal admits that Richard T. Gilbane commenced suit against Gilbane, GPI, Paul Choquette, Thomas F. Gilbane Jr., Robert V. Gilbane, and William J. Gilbane Jr. in Providence Superior Court in or about February 2005, said action styled Richard T. Gilbane v. Gilbane Inc. et al., Civ. Action No. 05-0612 (the "Underlying Action").

19. Federal admits that the document attached as Exhibit C to the Counterclaim appears to be a true and correct copy of the Underlying Action Complaint, which Gilbane previously submitted to Federal.

20. Federal denies the allegations contained in paragraph 20 of the Counterclaim on the ground that the Underlying Action Complaint speaks for itself.

21. Federal denies the allegations contained in paragraph 21 of the Counterclaim on the ground that the Underlying Action Complaint speaks for itself.

22. Federal denies the allegations contained in paragraph 22 of the Counterclaim on the ground that the Underlying Action Complaint speaks for itself.

23. Federal denies the allegations contained in paragraph 23 of the Counterclaim on the ground that the Underlying Action Complaint speaks for itself.

24. Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Counterclaim.

25. With respect to the allegations contained in paragraph 25 of the Counterclaim, Federal admits that it issued Policy No. 8169-1596 to Gilbane for the Policy Period March 5, 2002 to March 5, 2003 (the "2002 Policy), as well as a renewal policy for the Policy Period March 5, 2003 to March 5, 2004 (the "2003 Policy") and for the Policy Period March 5, 2004 to March 5, 2005 (the "2004 Policy") (collectively, the "Policies"). Federal further states that the Policies speak for themselves, and therefore denies the allegations contained in paragraph 25 of the Counterclaim as stated.

26. Federal denies the allegations contained in the first sentence of paragraph 26 of the Counterclaim on the ground that the Policies speak for themselves. Federal denies the allegations contained in the second sentence of paragraph 26 of the Counterclaim.

27. Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Counterclaim.

28. Federal denies the allegations contained in paragraph 28 of the Counterclaim, and further states that any "written materials" provided to Gilbane speak for themselves.

29. Federal denies the allegations contained in paragraph 29 of the Counterclaim.

30. With respect to the allegations contained in paragraph 30 of the Counterclaim, Federal has no knowledge or information sufficient to form a belief as to what other parties may or may not have told Gilbane, including what Gilbane's own insurance broker may or may not have said to it during the underwriting process. To the extent that the allegations in paragraph 30 of the Counterclaim are directed at Federal, Federal states that the terms of the Policies are clear and unambiguous and specifically exclude coverage for **Claims** brought by or on behalf of any **Insured**, and therefore Gilbane was sufficiently advised as to the scope and nature of coverage.

31. Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Counterclaim, which pertain to the "written materials" that Gilbane may or may not have subjectively relied upon. Federal further

states that, to the extent that Gilbane maintains that it relied upon any materials inconsistent with the terms of the Policies themselves, such reliance would have been unreasonable. Federal further states that, in any case, it made no representations during the underwriting process that are inconsistent with its coverage position in this matter.

32. As set forth in paragraph 25, Federal admits that it issued the 2004 Policy to Gilbane. Federal denies the allegation that Exhibit D is a true and correct copy of the 2004 Policy. Federal further states that the 2004 Policy speaks for itself and therefore denies the remaining allegations contained in paragraph 32 of the Counterclaim as stated, and also notes that paragraph 32 of the Counterclaim contains an incomplete, and therefore inaccurate, quote from a portion of the 2004 Policy.

33. Federal denies the allegations contained in paragraph 33 of the Counterclaim, as it contains an incomplete, and therefore inaccurate, quotation of a portion of the 2004 Policy. Federal also denies the allegations contained in paragraph 33 of the Counterclaim on the ground that the 2004 Policy speaks for itself.

34. Federal denies the allegations contained in paragraph 34 of the Counterclaim, as it contains an incomplete, and therefore inaccurate, quotation of a portion of the 2004 Policy. Federal also denies the allegations contained in paragraph 34 of the Counterclaim on the ground that the 2004 Policy speaks for itself.

35. Federal denies the allegations contained in paragraph 35 of the Counterclaim, as it contains an incomplete, and therefore inaccurate, quotation of a portion of the 2004 Policy. Federal also denies the allegations contained in paragraph 35 of the Counterclaim on the ground that the 2004 Policy speaks for itself.

36. Federal denies the allegations contained in paragraph 36 of the Counterclaim on the ground that the 2004 Policy speaks for itself and also on the ground that the statement is incomplete.

37. Federal denies the allegations contained in paragraph 37 of the Counterclaim, as it contains an incomplete, and therefore inaccurate, quotation of a portion of the 2004 Policy.

Federal also denies the allegations contained in paragraph 37 of the Counterclaim on the ground that the 2004 Policy speaks for itself.

38. Federal denies the allegations contained in paragraph 38 of the Counterclaim, as it contains an incomplete, and therefore inaccurate, quotation of a portion of the 2004 Policy. Federal also denies the allegations contained in paragraph 38 of the Counterclaim on the ground that the 2004 Policy speaks for itself.

39. Federal denies the allegations contained in paragraph 39 of the Counterclaim on the ground that the 2004 Policy speaks for itself.

40. Federal denies the allegations contained in paragraph 40 of the Counterclaim, on the ground that the September and December 2004 letters and Policies speak for themselves.

41. Federal admits the allegations contained in paragraph 41 of the Counterclaim.

42. Federal denies the allegations contained in paragraph 42 of the Counterclaim.

43. Federal denies the allegations contained in paragraph 43 of the Counterclaim.

44. With respect to the allegations contained in paragraph 44 of the Counterclaim, Federal states that it has filed a Complaint in this action and issued correspondence that sets forth its coverage position in this matter. Federal further states that the Complaint and coverage correspondence speak for themselves, and therefore denies the allegations contained in paragraph 44 of the Counterclaim as stated.

45. Federal denies the allegations contained in paragraph 45 of the Counterclaim.

46. Federal denies the allegations contained in paragraph 46 of the Counterclaim, as it contains an incomplete, and therefore inaccurate, quotation of a portion of the 2004 Policy. Federal also denies the allegations contained in paragraph 46 of the Counterclaim on the ground that the 2004 Policy speaks for itself.

47. With respect to the allegations contained in paragraph 47 of the Counterclaim, Federal states that it has filed a Complaint in this action and issued correspondence that sets forth its coverage position in this matter. Federal further states that the Complaint and coverage correspondence speak for themselves, and therefore denies the allegations contained in paragraph

47 of the Counterclaim as stated.

48. Federal denies the allegations contained in paragraph 48 of the Counterclaim, as it contains an incomplete, and therefore inaccurate, quotation of a portion of the 2004 Policy. Federal also denies the allegations contained in paragraph 48 of the Counterclaim on the ground that the 2004 Policy speaks for itself.

49. Federal denies the allegations contained in paragraph 49 of the Counterclaim, as it contains an incomplete, and therefore inaccurate, quotation of a portion of the 2004 Policy. Federal also denies the allegations contained in paragraph 49 of the Counterclaim on the ground that the 2004 Policy speaks for itself.

50. Federal denies the allegations contained in paragraph 50 of the Counterclaim.

51. Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Counterclaim. Federal further states that those allegations are irrelevant, as Richard T. Gilbane served in an Insured Capacity within four years prior to the date on which his claims were first made.

52. Federal denies the allegations contained in paragraph 52 of the Counterclaim.

53. Federal denies the allegations contained in paragraph 53 of the Counterclaim, as it contains an incomplete, and therefore inaccurate, quotation of a portion of the 2004 Policy. Federal also denies the allegations contained in paragraph 53 of the Counterclaim on the ground that the 2004 Policy speaks for itself.

54. Federal denies the allegations contained in paragraph 54 of the Counterclaim, on the ground that the Underlying Action Complaint and 2004 Policy speak for themselves.

55. Federal admits that , upon information and belief, Richard T. Gilbane is a Gilbane shareholder. Federal denies the remaining allegations contained in paragraph 55 of the Counterclaim, on the ground that the Underlying Action Complaint and 2004 Policy speak for themselves.

56. Federal denies the allegations contained in paragraph 56 of the Counterclaim.

57. Federal denies the allegations contained in paragraph 57 of the Counterclaim.

58. Federal denies the allegations contained in the first sentence of paragraph 58 of the Counterclaim. Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 58 of the Counterclaim, but further states that those allegations are irrelevant.

59. Federal denies the allegations contained in paragraph 59 of the Counterclaim, as it contains an incomplete, and therefore inaccurate, quotation of a portion of the 2004 Policy. Federal also denies the allegations contained in paragraph 59 of the Counterclaim on the ground that the 2004 Policy speaks for itself.

60. Federal admits the allegations contained in paragraph 60 of the Counterclaim.

61. Federal denies the allegations contained in of paragraph 61 of the Counterclaim.

62. Federal denies the allegations contained in paragraph 62 of the Counterclaim on the ground that the 2004 Policy speaks for itself.

63. With respect to the allegations contained in the first sentence of paragraph 63 of the Counterclaim, Federal admits that, upon information and belief, Gilbane, Paul Choquette, Thomas F. Gilbane Jr., Robert V. Gilbane, and William J. Gilbane Jr. have incurred costs in connection with the defense of the Underlying Action. Federal denies the allegations contained in the second sentence of paragraph 63 of the Counterclaim.

64. With respect to the allegations contained in paragraph 64 of the Counterclaim, Federal states that it issued correspondence that set forth its coverage position in this matter. Federal further states that this coverage correspondence speaks for itself, and therefore denies the allegations contained in paragraph 64 of the Counterclaim as stated.

65. With respect to the allegations contained in paragraph 65 of the Counterclaim, Federal admits that Gilbane has submitted invoices for legal fees allegedly incurred in connection with the Underlying Action. Federal further states that neither Gilbane nor any other Insured is entitled to coverage for those fees.

66. Federal denies the allegations contained in paragraph 66 of the Counterclaim.

67. Federal denies the allegations contained in paragraph 67 of the Counterclaim.

68. Federal realleges and incorporates its replies to Paragraphs 1 through 67 of the Counterclaim as though fully set forth herein.

69. Paragraph 69 of the Counterclaim states legal conclusions that do not require a response. To the extent that a response is deemed required, Federal admits that the parties have a ripe and justiciable controversy concerning coverage for the defense costs incurred in the Underlying Action, but denies that there is a ripe and justiciable controversy with respect to indemnification coverage for that action.

70. Paragraph 70 of the Counterclaim states legal conclusions that do not require a response. To the extent that a response is deemed required, Federal admits that declaratory relief is warranted with respect to coverage for the defense costs incurred in the Underlying Action, but denies that the plaintiffs-in-counterclaim are entitled to the declaratory relief that they seek. Federal further denies that the plaintiffs-in-counterclaim are entitled to any declaratory relief with respect to indemnification coverage for Underlying Action, on the ground that there is no ripe and justiciable controversy concerning that issue.

71. Federal realleges and incorporates its replies to Paragraphs 1 through 70 of the Counterclaim as though fully set forth herein.

72. Federal denies the allegations contained in paragraph 72 of the Counterclaim on the ground that the 2004 Policy speaks for itself.

73. With respect to the allegations contained in the first sentence of paragraph 73 of the Counterclaim, Federal admits that, upon information and belief, Gilbane, Paul Choquette, Thomas F. Gilbane Jr., Robert V. Gilbane, and William J. Gilbane Jr. have incurred costs in connection with the defense of the Underlying Action. Federal denies the allegations contained in the second sentence of paragraph 73 of the Counterclaim.

74. Federal denies the allegations contained in paragraph 74 of the Counterclaim.

75. Federal denies the allegations contained in paragraph 75 of the Counterclaim.

76. Federal realleges and incorporates its replies to Paragraphs 1 through 75 of the Counterclaim as though fully set forth herein.

77. Federal denies the allegations contained in paragraph 77 of the Counterclaim.

78. Federal denies the allegations contained in paragraph 78 of the Counterclaim.

79. Federal denies the allegations contained in paragraph 79 of the Counterclaim.

80. Federal realleges and incorporates its replies to Paragraphs 1 through 79 of the Counterclaim as though fully set forth herein.

81. Federal denies the allegations contained in paragraph 81 of the Counterclaim.

82. Federal denies the allegations contained in paragraph 82 of the Counterclaim as stated. Federal further states that the terms of the Policies are clear and unambiguous and specifically exclude coverage for **Claims** brought by or on behalf of any **Insured**, and therefore Gilbane was sufficiently advised as to the scope and nature of coverage.

83. Federal denies the allegations contained in paragraph 83 of the Counterclaim.

84. Federal denies the allegations contained in paragraph 84 of the Counterclaim.

85. Federal realleges and incorporates its replies to Paragraphs 1 through 84 of the Counterclaim as though fully set forth herein.

86. Federal denies the allegations contained in paragraph 86 of the Counterclaim.

87. Federal denies the allegations contained in paragraph 87 of the Counterclaim as stated. Federal further states that the terms of the Policies are clear and unambiguous and specifically exclude coverage for **Claims** brought by or on behalf of any **Insured**, and therefore Gilbane was sufficiently advised as to the scope and nature of coverage.

88. Federal denies the allegations contained in paragraph 88 of the Counterclaim.

89. Federal denies the allegations contained in paragraph 89 of the Counterclaim.

90. Federal denies the allegations contained in paragraph 90 of the Counterclaim.

91. All of the allegations of the Counterclaim which have not been admitted, denied, qualified or otherwise replied to are hereby denied, including all allegations concerning damages and other relief.

**THIRD DEFENSE**

To the extent that the Underlying Action is a **Claim** that was "first made" during the 2004 Policy Period, coverage is barred by Section 6(c), of the 2004 Policy, which excludes coverage for any "**Loss**" on account of any "**Claim**" that is "brought or maintained by or on behalf of any **Insured** in any capacity . . ."

**FOURTH DEFENSE**

Coverage is barred because the Insureds breached the duty to cooperate at Section 16 of the 2004 Policy and/or Section 11 of the 2002 Policy.

**FIFTH DEFENSE**

To the extent that the Underlying Action is a **Claim** that was "first made" during the 2004 Policy Period, there is no coverage for Gilbane or GPI because the Underlying Action is not a "**Securities Claim**" as that term is defined in the 2004 Policy.

**SIXTH DEFENSE**

The Underlying Action Complaint seeks disgorgement and restitutionary relief that does not constitute **Loss** and is uninsurable as a matter of public policy.

**SEVENTH DEFENSE**

To the extent that the Underlying Action is a **Claim** that was "first made" during the 2004 Policy Period, coverage for the Underlying Action is barred by Section 6(b) of the 2004 Policy, which excludes coverage for **Loss** on account of any **Claim** that is "based upon, arising from, or in consequence of any demand, suit or other proceeding pending . . . . against any **Insured** on or prior to" March 5, 2002.

**EIGHTH DEFENSE**

To the extent that the Underlying Action is a **Claim** that was "first made" during the 2004 Policy Period, and to the extent that Gilbane's subsidiaries are not "**Organization[s]**," then there is no coverage under the 2004 Policy for GPI, nor is there coverage for any of the individual defendants in the Underlying Action to the extent that they were acting in their capacity as directors and officers of GPI or any other Gilbane subsidiary.

**NINTH DEFENSE**

To the extent that the Underlying Action is a **Claim** that was "first made" during the 2004 Policy Period, coverage for the Underlying Action is barred by Section 7(b) of the 2004 Policy, which excludes coverage for any **Claim** against an **Insured Person** that is "based upon, arising from, or in consequence of . . . the committing in fact of any deliberately fraudulent act or omission or any willful violation of any statute or regulation by such Insured Person" or "such **Insured Person** having gained in fact any profit, remuneration or advantage to which such **Insured Person** was not legally entitled."

**TENTH DEFENSE**

To the extent that the Underlying Action is a **Claim** that was "first made" during the 2004 Policy Period, coverage for the Underlying Action is barred by Section 8(a) of the 2004 Policy, which excludes coverage for any **Securities Claim** against an **Organization** "based upon, arising from or in consequence of . . . the committing in fact of any deliberately fraudulent act or omission or any willful violation of any statute or regulation by **Organization** or by any past present or future chief financial officer, in-house counsel, president, chief executive officer or chairperson of an **Organization**; or . . such **Organization** having gained in fact any profit, remuneration or advantage to which such **Organization** was not legally entitled."

**ELEVENTH DEFENSE**

Coverage for the Underlying Action is barred by the Warranty Exclusion submitted in connection with the issuance of the 2002 Policy, because this **Claim** arises out of facts and circumstances that the **Insureds** were aware of and that they knew or should have known might give rise to a claim as of March 15, 2002, the date that the Warranty Question was finally submitted to Federal.

**TWELFTH DEFENSE**

To the extent that the Underlying Action is a **Claim** that was "first made" during the 2002 Policy Period, coverage for the Underlying Action is barred because the Insureds failed to give notice of this "**Claim**" "as soon as practicable" after it was first made as required by Section 10 of the 2002 Policy.

**THIRTEENTH DEFENSE**

To the extent that the Underlying Action is a **Claim** that was "first made" during the 2002 Policy Period, coverage for the Underlying Action is barred by Section 5(b) of the 2002 Policy, which excludes coverage for **Claims** "based upon, arising from, or in consequence of any demand, suit or other proceeding pending . . on or prior to" March 5, 2002.

**FOURTEENTH DEFENSE**

To the extent that the Underlying Action is a **Claim** that was "first made" during the 2002 Policy Period, coverage for the Underlying Action is barred by Section 5(c) of the 2002 Policy, which excludes coverage for any **Claim** that is "brought or maintained by or on behalf of any **Insured**."

**FIFTEENTH DEFENSE**

To the extent that the Underlying Action is a **Claim** that was "first made" during the 2002 Policy Period, coverage for the Underlying Action is barred by Section 6(b) of the 2002 Policy, which excludes coverage for any **Claim** against an **Insured Person** that is "based upon, arising from, or in consequence of any deliberately fraudulent act or omission or any willful violation of any statute or regulation by such **Insured Person** . . ."

**SIXTEENTH DEFENSE**

To the extent that the Underlying Action is a **Claim** that was "first made" during the 2002 Policy Period, coverage for the Underlying Action is barred by Section 6(c) of the 2002 Policy, which excludes coverage for any **Claim** against an **Insured Person** that is "based upon, arising from, or in consequence of such **Insured Person** having gained in fact any personal profit, remuneration or advantage to which such **Insured Person** was not legally entitled. . ."

**SEVENTEENTH DEFENSE**

To the extent that the Underlying Action is a **Claim** that was "first made" during the 2002 Policy Period, coverage for the Underlying Action is barred by Section 6.1(a) of the 2002 Policy, which excludes coverage for any **Claim** against an **Insured Organization** that is "based upon, arising from, or in consequence of any deliberately fraudulent act or omission or any willful violation of any statute or regulation by any past, present or future chief financial officer, President or Chairman of an **Insured Organization**. . ."

**EIGHTEENTH DEFENSE**

To the extent that the Underlying Action is a **Claim** that was "first made" during the 2002 Policy Period, coverage for the Underlying Action is barred by Section 6.1(b) of the 2002 Policy, which excludes coverage for any **Claim** against an **Insured Organization** that is "based upon, arising from, or in consequence of an **Insured Organization** having gained in fact any profit or advantage to which such **Insured Organization** was not legally entitled . . ."

**NINETEENTH DEFENSE**

The Counterclaim must be dismissed to the extent that it seeks coverage for sums that the plaintiffs-in-counterclaim may become obligated to pay in connection with the Underlying Action, because it is premature and unripe, and because there is no actual or justiciable case or controversy.

**TWENTIETH DEFENSE**

To the extent that coverage exists under any other policy or policies issued by any other carrier to any of the plaintiffs-in-counterclaim, liability, if any, under the Federal Policies is reduced, limited, and/or eliminated by said other policies pursuant to the "other insurance" clause.

**TWENTY-FIRST DEFENSE**

To the extent that an "**Insured**" made material misrepresentations during the application process, Federal has no duty to defend or indemnify the plaintiffs-in-counterclaim.

**TWENTY-SECOND DEFENSE**

The Counterclaim is barred by the doctrines of waiver and estoppel.

**TWENTY-THIRD DEFENSE**

The Counterclaim is barred to the extent that the plaintiffs-in-counterclaim have not complied with any conditions in, and/or materially breached any of the terms of, the Policies.

**TWENTY-FOURTH DEFENSE**

The Policies are subject to and limited by all of their terms, conditions, definitions, limits of liability, retentions and exclusions that operate to bar or limit coverage for some or all of the amounts for which plaintiffs-in-counterclaim seeks coverage. Federal reserves the right to raise affirmatively other terms, conditions, definitions, and exclusions in the Policies as defenses to coverage as appropriate.

**WHEREFORE,** having fully replied to the Counterclaim, Defendant-in-Counterclaim Federal Insurance Company respectfully requests that the Counterclaim be dismissed, that the Court enter judgment in favor of Federal Insurance Company, that Federal Insurance Company be awarded its costs and attorney's fees, and that the Court grant such other and further relief as it may deem just.

Respectfully submitted,

/s/ Stephen J. Reid, Jr.__________
Stephen J. Reid, Jr., #2811
sjr@blishcavlaw.com
BLISH & CAVANAGH, LLP
30 Exchange Terrace
Providence, R.I. 02903
Tel: (401) 831-8900
Fax: (401) 751-7542

Attorneys for Federal Insurance Company

Dated: June 4, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of June, 2007, I caused a true copy of the within Reply To Counterclaim was served electronically on:

John T. Walsh, Jr., Esq.
Higgins, Cavanagh & Cooney, LLP
123 Dyer Street
Providence, RI 02903

/s/ Stephen J. Reid, Jr.__________