**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

FEDERAL INSURANCE COMPANY, )
Plaintiff, )
)
v. ) Civil Action No. 07-132S
)
GILBANE, INC., GILBANE PROPERTIES, INC., )
GILBANE BUILDING COMPANY, PAUL )
CHOQUETTE, THOMAS F. GILBANE, )
ROBERT V. GILBANE, WILLIAM J. GILBANE, )
JR., and RICHARD T. GILBANE, )
Defendants. )

**ANSWER OF DEFENDANT RICHARD T. GILBANE**

Defendant Richard T. Gilbane ("Richard Gilbane"), by his undersigned attorneys, answers the correspondingly-numbered paragraphs contained in the Complaint as follows:

PARTIES

1. Richard Gilbane lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1.

2-9. Richard Gilbane admits the allegations of paragraphs 2 through 9.

JURISDICTION AND VENUE

[8.]-[9.] Richard Gilbane lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 8 and 9.

FACTS

10-37. Richard Gilbane lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 10-37.

38. Richard Gilbane admits the allegations of paragraph 38.

39. Richard Gilbane admits the letter of March 11, 2002 was sent and says that the letter speaks for itself.

40. Richard Gilbane admits that the letter of April 11, 2002 was sent and says that the letter speaks for itself.

41-42. Richard Gilbane admits the allegations of paragraphs 41 and 42.

43. Richard Gilbane admits that the letter was sent and says that the letter speaks for itself.

44. Richard Gilbane admits that the letter was sent and says that the letter speaks for itself.

45. Richard Gilbane admits that the Gilbane Board of Directors formally declined to take the action requested. Richard Gilbane further admits that a tolling agreement was entered into.

46. Richard Gilbane lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46.

47. Richard Gilbane admits the sending of the letter of December 3, 2004 and says that the letter speaks for itself.

48. Richard Gilbane admits that he and his counsel had a meeting with Paul Choquette and Gilbane counsel on or about December 16, 2004. Richard Gilbane further admits that the parties agreed that a further and formal demand would not be necessary to comply with Rhode Island Superior Court Rule of Civil Procedure 23.1.

49. Richard Gilbane admits the allegations of paragraph 49.

50. Richard Gilbane admits that the Complaint was filed and says that the Complaint speaks for itself.

51-66. Richard Gilbane lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 51-66.

COUNT I

67. Richard Gilbane repeats and realleges his responses to the foregoing paragraphs.

68-74. Richard Gilbane lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 68 through 74.

COUNT II

[74.] Richard Gilbane repeats and realleges his responses to the foregoing paragraphs.

75-83. Richard Gilbane lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 75 through 83.

COUNT III

84. Richard Gilbane repeats and realleges his responses to the foregoing paragraphs.

85-90. Richard Gilbane lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 85 through 90.

COUNT IV

91. Richard Gilbane repeats and realleges his responses to the foregoing paragraphs.

92-102. Richard Gilbane lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 92 through 102.

COUNT V

103. Richard Gilbane repeats and realleges his responses to the foregoing paragraphs.

104-107. Richard Gilbane lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 104 though 107.

AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Richard Gilbane upon which relief can be granted.

WHEREFORE, Richard T. Gilbane prays that the Complaint against him be dismissed, that he be awarded his costs of defending this action, and that he be granted such other and further relief as the Court deems just and proper.

/s/ Matthew F. Medeiros
Matthew F. Medeiros (#1856)
Little, Medeiros, Kinder, Bulman &
Whitney, P.C.
72 Pine Street
Providence, Rhode Island 02903
Tel: (401) 272-8080
Fax: (401) 272-8195
mfm@lmkbw.com

Counsel for Defendant
Richard T. Gilbane

*Of Counsel*:
Kenneth A. Sweder, BBO # 489840
SWEDER & ROSS LLP
21 Custom House Street, Suite 300
Boston, MA 02110
(617) 646-4466

Dated: August 30, 2007

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify on August 30, 2007, that an exact copy of the within Answer was electronically mailed to the individuals listed below:

Mark Freel, Esq.
Edwards & Angell
2800 Financial Plaza
Providence, RI 02903.

John T. Walsh, Jr.
Higgins, Cavanagh & Cooney, LLP
The Hay Building, 4th Floor
123 Dyer Street
Providence, RI 02903

/s/ Matthew F. Medeiros

F:\MFM\GILBANE\ANSWER.doc