UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| FEDERAL INSURANCE COMPANY,<br>Plaintiff,<br><br>v.<br><br>GILBANE, INC., GILBANE PROPERTIES, INC., GILBANE BUILDING COMPANY, PAUL CHOQUETTE, THOMAS F. GILBANE JR., ROBERT V. GILBANE, WILLIAM J. GILBANE, JR. and RICHARD T. GILBANE,<br>Defendants. | Case No. C.A. 07-132S |

**STATEMENT OF DEFENDANTS/PLAINTIFFS-IN-COUNTERCLAIM GILBANE, INC., GILBANE PROPERTIES, INC., GILBANE BUILDING COMPANY, PAUL CHOQUETTE, THOMAS F. GILBANE JR., ROBERT V. GILBANE AND WILLIAM J. GILBANE, JR. FOR PRETRIAL CONFERENCE**

Pursuant to the Court's Notice of August 31, 2007, defendants/plaintiffs-in-counterclaim Gilbane, Inc., Gilbane Properties, Inc., Gilbane Building Company, Paul Choquette, Thomas F. Gilbane Jr., Robert V. Gilbane and William J. Gilbane, Jr. (collectively, "Gilbane") state that the elements of their counterclaims are as follows:

1. Counterclaim for Declaratory Relief. Declaratory relief is proper in any case presenting an "actual controversy." 28 U.S.C. § 2201. The actual controversy requirement is satisfied where "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, __ U.S. __, 127 S.Ct. 764, ___ (2007).

There is an actual controversy between Gilbane and plaintiff/defendant-in-counterclaim Federal Insurance Company ("Federal") regarding whether a directors & officers ("D&O") liability policy purchased by Gilbane, Inc. from Federal for the period from March 5, 2004 through March 5, 2005 obligates Federal to advance to Gilbane the legal fees and costs incurred by Gilbane in defending the claims asserted against it in *Richard T. Gilbane v. Gilbane, Inc., et al.*, Providence

Superior Court, Civ. A. No. 05-0612. The duty to defend arises when the complaint in the underlying action contains facts sufficient to bring the case within or potentially within the coverage of the policy. *Hingham Mutual Fire Ins. Co. v. Heroux*, 549 A.2d 265, 266 (R.I. 1988). The same standard applies where, as here, the insurance policy obligates the insurer to advance defense costs. *See, e.g., Daily v. Federal Ins. Co.*, No. C04-3791, 2005 WL 1108978, *7-8 (N.D. Cal. Apr. 5, 2005) (denying D&O insurer's motion for summary judgment on coverage dispute and ordering insurer to advance defense costs as expenses are incurred); *Welch v. Agricultural Excess & Surplus Ins. Co.*, No. 00-C-5725, 2001 WL 1155249, *4 (N.D. Ill. Sept. 28, 2001) (holding that D&O insurer was obligated to advance defense costs where insurer might or might not be liable under the policy). Further, to the extent that Federal contends that it has no obligation to advance defense costs because the "prior demand" or "insured v. insured" exclusions bar coverage for the underlying suit, Federal has the burden of showing that those exclusions apply. *Children's Friend & Service v. St. Paul Fire & Marine Ins. Co.*, 893 A.2d 222, 230 (R.I. 2006).

Federal primarily relies on three arguments. First, Federal contends that the policy in effect from March 5, 2002 to March 5, 2003, rather than the policy in effect from March 5, 2004 to March 5, 2005, governs here. The claims asserted in the underlying action were first made in September or December 2004, however, and the 2004-05 policy therefore governs. Federal also incorrectly contends that the "prior demand" and "insured v. insured" exclusions bar coverage. In regard to the "prior demand" exclusion, that exclusion would apply only if demand was made on Gilbane before March 5, 2002 for relief on the underlying claims, and it was not.

In regard to the "insured v. insured" exclusion, that exclusion by its own terms does not apply to shareholder derivative claims as long as the claim is brought and maintained without the active assistance or participation of or solicitation by an Insured Person (a present or former officer or director of any insured organization). The underlying plaintiff, Richard Gilbane, is a Gilbane shareholder who is asserting derivative claims against Gilbane without the assistance

or participation of or solicitation by an Insured Person. The "insured v. insured" exclusion therefore does not apply. Federal's assertion that the exception for shareholder derivative claims does not apply because Richard is an Insured Person misses the point. The exception is necessary precisely because the plaintiff is an Insured Person and the claim therefore falls within the "insured v. insured" exclusion. If the plaintiff were not an Insured Person, the claim would not fall within the "insured v. insured" exclusion to begin with.

The underlying claims also fall within a separate exception to the "insured v. insured" exclusion, which carves out claims brought by an Insured Person who has not served in an Insured Capacity within four years of when the claims were first made. Federal acknowledges that Richard was not a director or officer of any insured entity within the four-year period, but contends that Richard was a director of Gilbane Building Company ("GBC") within that period and that the omission of GBC as an insured entity was a scrivener's error that should be corrected by reforming the policy. Federal cannot meet its burden of establishing by clear and convincing evidence that the policy does not reflect the parties' agreement and, in any event, Federal should be estopped from seeking to reform the policy because, as discussed in section 4, Gilbane was provided with written materials on behalf of Federal that stated that the "insured v. insured" exclusion did not bar coverage for shareholder derivative claims.

2. Counterclaim for Breach of Contract. "It is well settled that in order to create a valid contract, the parties must intend to be bound by the terms of the agreement." *Rhode Island Five v. Medical Assoc. of Bristol County, Inc.*, 668 A.2d 1250, 1253 (R.I. 1996). The elements of a contract are 1) an offer, 2) an acceptance of the offer, 3) legal consideration, 4) mutuality of agreement, and 5) mutuality of obligation. *Smith v. Boyd*, 553 A.2d 131, 133 (R.I. 1989). Upon a finding of a valid contract the Court must then look to the plain meaning of the contractual terms and determine if the terms, as ordinarily understood, were breached. *Rhode Island Depositors Econ. Prot. Corp. v. Coffey & Martinelli, Ltd.*, 821 A.2d 222, 226 (R.I. 2003). Here, Gilbane alleges, for the reasons discussed above, that Federal is obligated to advance

the defense costs incurred by Gilbane in connection with the underlying action and has breached its contract with Gilbane by failing to do so.

3. Counterclaim for Violation of R.I. G.L. § 9-1-33. Section 9-1-33 of the Rhode Island General Laws creates a cause of action and provides for the recovery of compensatory damages, punitive damages and attorney's fees where "the insurer wrongfully and in bad faith refused to pay or settle a claim made pursuant to the provisions of the policy, or otherwise wrongfully and in bad faith refused to timely perform its obligations under the contract of insurance." In order to sustain a claim under § 9-1-33, the insured must show: (a) a deliberate refusal by the insurer to pay a claim or to perform its obligations; (b) the absence of a reasonably legitimate or arguable basis for the insurer's refusal to pay the claim or to perform its obligations; and (c) the insurer's knowledge that it lacked a reasonably legitimate or arguable basis for its refusal or its reckless disregard of whether there was a reasonably legitimate or arguable basis for its refusal. *Skaling v. Aetna Ins. Co.*, 799 A.2d 997, 1006-07 (R.I. 2002). Alternatively, even if it is fairly debatable if a claim is covered, an insurer may be held liable under § 9-1-33 for refusing to pay the claim or to perform its obligations if the insurer intentionally or recklessly failed to properly investigate the claim, failed to subject its investigation to an appropriate cognitive evaluation or review, or otherwise acted in an oppressive and unreasonable manner. *Id.* at 1006. Here, Gilbane alleges that Federal has refused to advance defense costs incurred in the underlying action and has reserved its rights to disclaim coverage when Federal knows or should know that there is no reasonable basis for its positions.

4. Counterclaim for Equitable Estoppel. To prevail on a claim of equitable estoppel, an insured must show that: (a) he was misled by the acts or statements of the insurer, (b) he relied on those representations; (c) his reliance was reasonable; and (d) he suffered detriment or prejudice. *General Acc. Ins. Co. of Am. v. American Nat'l Fireproofing, Inc.*, 716 A.2d 751, 755 (R.I. 1998). Gilbane alleges that before it purchased D&O coverage, it was provided with

written materials on behalf of Federal that stated that the "insured v. insured" exclusion does not bar coverage for shareholder derivative claims and that Gilbane reasonably relied on those materials in electing to purchase D&O coverage. Gilbane further alleges that Federal knew or should have known that Gilbane was a closely held corporation and that several of its shareholders served or had served as officers or directors of Gilbane or affiliated companies, that neither Federal nor anyone acting on its behalf advised Gilbane that the "insured v. insured" exclusion might arguably have broader application in such a situation and that Federal now is asserting that the "insured v. insured" exclusion bars coverage for shareholder derivative claims.

5. Counterclaim for Negligent Misrepresentation. To prevail on a claim for negligent misrepresentation, a claimant must show that: (a) the defendant misrepresented a material fact; (b) the defendant knew of the misrepresentation or made the representation without knowledge of its truth or falsity or under circumstances in which the defendant ought to have known the representation was false; (c) the defendant intended to induce the claimant to act; and (d) the claimant acted in justifiable reliance on the misrepresentation; and (e) the claimant suffered injury as a result. *Francis v. American Bankers Life Ass. Co. of Fla.*, 861 A.2d 1040, 1046 (D.R.I. 2004). The factual basis for Gilbane's negligent misrepresentation claim is the same as the factual basis for its equitable estoppel claim.

GILBANE, INC., GILBANE PROPERTIES, INC., GILBANE BUILDING COMPANY, PAUL CHOQUETTE, THOMAS F. GILBANE JR., ROBERT V. GILBANE and WILLIAM J. GILBANE, JR.

By their attorneys,

/s/ Steven L. Schreckinger
Steven L. Schreckinger (BBO #447100)
Anne Robbins (BBO #561968)
LYNCH, BREWER, HOFFMAN & FINK LLP
101 Federal Street, 22nd Floor
Boston, MA 02110-1800
(617) 951-0800
(617) 951-0811 (fax)
sschreckinger@lynchbrewer.com
arobbins@lynchbrewer.com

John T. Walsh, Jr. (R.I. Bar No. 0483)
HIGGINS, CAVANAGH & COONEY, LLP
123 Dyer Street
Providence, RI 02903
(401) 272-3500
(401) 273-8780 (fax)
jwalsh@hcc-law.com

CERTIFICATE OF SERVICE

I, Anne Robbins, hereby certify that on November 8, 2007 a true copy of the above Statement of Defendants/Plaintiffs-in-Counterclaim Gilbane, Inc., Gilbane Properties, Inc., Gilbane Building Company, Paul Choquette, Thomas F. Gilbane Jr., Robert V. Gilbane and William J. Gilbane, Jr. for Pretrial Conference was filed electronically and it is available for viewing and downloading from the ECF system. The following counsel of record received notice of the filing of this document electronically from the United States District Court for the District of Rhode Island:

Stephen J. Reid, Esq.
Blish & Cavanagh
30 Exchange Terrace
Providence, RI 02903
sjr@blishcavlaw.com

Mary C. Dunn
Blish & Cavanagh
30 Exchange Terrace
Providence, RI 02903
mcd@blishcavlaw.com

Matthew F. Medeiros
Littler, Medeiros, Kinder,
Bulman & Whitney
72 Pine Street
Providence, RI 02903
mfm@lmkbw.com

/s/ Anne Robbins