UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| FEDERAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>GILBANE, INC., GILBANE PROPERTIES, INC., GILBANE BUILDING COMPANY, PAUL CHOQUETTE, THOMAS F. GILBANE JR., ROBERT V. GILBANE, WILLIAM J. GILBANE, JR. and RICHARD T. GILBANE,<br><br>Defendants. | ) | Case No. 07-132S |

## FEDERAL INSURANCE COMPANY'S RULE 16 CONFERENCE STATEMENT

Plaintiff Federal Insurance Company ("Federal") respectfully submits the following Rule 16 Conference Statement setting forth the elements of its claims.

### I. REFORMATION – MUTUAL MISTAKE

This action concerns insurance coverage for a lawsuit brought by defendant Richard T. Gilbane against defendants Gilbane, Inc. ("Gilbane"), Gilbane Properties, Inc. ("GPI"), Gilbane Building Company ("GBC"), Thomas F. Gilbane Jr., Robert V. Gilbane, William J. Gilbane Jr. and Paul Choquette in Rhode Island Superior Court on or about February 7, 2005 (the "Underlying Action"). As alleged in the complaint, coverage for the Underlying Action is governed by either of two separate policies issued by Federal to Gilbane, the policy issued for the Policy Period March 5, 2002 to March 5, 2003 (the "2002 Policy") or the policy issued for the Policy Period March 5, 2004 to June 30, 2005 (the "2004 Policy"), which is the policy under which the defendants have sought coverage.

In Count I of its complaint, Federal seeks a judgment equitably reforming the 2004 Policy. In particular, Federal seeks to reform the definition of the term "**Organization**" in the 2004 Policy to include "Gilbane, Inc. and its Subsidiaries" as of the date of inception of that

Policy and through its entire **Policy Period**. As set forth in the complaint, Gilbane's subsidiaries were omitted from the definition of the term "**Organization**" due to a mutual mistake and simple scrivener's error in the creation of the Declarations page for the 2004 Policy.

In order to prevail on its claim for reformation, Federal must prove by clear and convincing evidence that "by reason of a mistake, common to the parties, their agreement fails in some material respect correctly to reflect their prior completed understanding." Dubreuil v. Allstate Ins. Co., 511 A.2d 300, 302 (R.I. 1986); Hopkins v. Equitable Life Assurance Society, 270 A.2d 915, 918 (R.I. 1970).

## II. DECLARATORY JUDGMENT – EXCLUSION 6(c)

Count II of the complaint seeks a declaration that coverage for the Underlying Action is barred pursuant to Section 6(c) of the 2004 Policy, which excludes coverage for "**Loss**" on account of any "**Claim**" that is "brought or maintained by or on behalf of any **Insured** in any capacity; provided that this Exclusion 6(c) shall not apply to . . . . a **Claim** brought by an **Insured Person** who has not served in any **Insured Capacity** for at least four (4) years prior to the date such **Claim** is first made." As set forth in the complaint, this exclusion applies because the plaintiff in the Underlying Action, Richard Gilbane, is an **Insured.**

The insurer has the burden of proving that applicability of policy exclusions and limitations on coverage. Children's Friend & Service v. St. Paul Fire & Marine Ins. Co., 893 A.2d 222, 230 (R.I. 2006). If a policy exclusion is unambiguous and applicable to the claim for which coverage is sought, it must be enforced as written to bar coverage. American Commerce Ins. Co. v. Porto, et al., 811 A.2d 1185, 1198-99 (R.I. 2002).

## III. DECLARATORY JUDGMENT – BREACH OF THE DUTY TO COOPERATE

Count III of the complaint seeks a declaration that coverage is barred due to the Insureds breach of their contractual duty to cooperate with Federal in the investigation of coverage and defense of the Underlying Action. As alleged in the complaint, that duty to cooperate is set forth in Section 16 of the 2004 Policy and Section 11 of the 2002 Policy.

Under Rhode Island law, contractual clauses requiring the insured to cooperate with the insurer are regarded as "condition precedents" to coverage, "so that no rights would accrue under the policy until they [are] satisfied." Ogunsuada v. General Acc. Ins. Co. of America, 695 A.2d 996, 999 (R.I. 1997). Consequently, coverage is unavailable if: (a) the insured does not substantially comply with its contractual duty to cooperate; (b) that failure to cooperate is not excused or waived; and (c) the insurer was prejudiced by the failure to cooperate. Id. at 1000.

## IV. DECLARATORY JUDGMENT – EXCLUSIONS, CONDITIONS AND LIMITATIONS ON COVERAGE

In the alternative to the relief sought in Counts I, II and III of the complaint, and in the event such relief is not granted, Count IV seeks a declaration that coverage for the Underlying Action is barred due to the following conditions, limitations and exclusions on coverage under the 2002 and 2004 Policy.

As to the 2004 Policy, Count IV seeks a declaration that certain portions of the Underlying Action complaint does not trigger coverage. In particular, that count seeks a declaration that:

(a) there is no coverage for Gilbane or GPI to the extent that the Underlying Action constitutes a "**Shareholder Derivative Demand**" as defined by the 2004 Policy, because under that policy coverage for Gilbane and GPI, if any, is limited only to actual "**Securities Claims**," which is in turn specifically defined not to include "any **Shareholder Derivative Demand**"; and

(b) in the alternative to the relief sought in Count I of the complaint, if Gilbane's subsidiaries are not "**Organization[s]**," then there is no coverage under the 2004 Policy for GPI, nor is there coverage for any of the individual defendants in the Underlying Action to the extent that they were acting in their capacity as directors and officers of GPI or any other Gilbane subsidiary, because they would not be "**Insureds**" under the 2004 Policy.

Under Rhode Island law, "the insured seeking to establish coverage bears the burden of proving a prima facie case, including but not limited to the existence and validity of a

policy, the loss as within the policy coverage, and the insurer's refusal to make payments as required by the terms of the policy." General Acc. Ins. Co. of America v. American Nat. Fireproofing, Inc., 716 A.2d 751, 757 (R.I. 1998). Consequently, the above listed defenses to coverage will apply if the defendants do not satisfy their burden of establishing that: (a) the Underlying Action is a **Securities Claim**; or (b) that the Underlying Action does not contain any allegations directed towards GPI or its directors and officers or any other individuals or entities who are not "**Insureds**" under the Policy.

Count IV also seeks a declaration that the following exclusions in the 2004 Policy bar or limit coverage for the Underlying Action:

(a) Section 6(b) of the 2004 Policy, which excludes coverage for **Loss** on account of any **Claim** that is "based upon, arising from, or in consequence of any demand, suit or other proceeding pending . . . . against any **Insured** on or prior to" March 5, 2002;

(b) Section 7(b) of the 2004 Policy, which excludes coverage for any **Claim** against an **Insured Person** that is "based upon, arising from, or in consequence of . . . the committing in fact of any deliberately fraudulent act or omission or any willful violation of any statute or regulation by such **Insured Person**" or "such **Insured Person** having gained in fact any profit, remuneration or advantage to which such **Insured Person** was not legally entitled; and

(c) Section 8(a) of the 2004 Policy, which excludes coverage for any **Securities Claim** against an **Organization** "based upon, arising from or in consequence of . . . the committing in fact of any deliberately fraudulent act or omission or any willful violation of any statute or regulation by **Organization** or by any past present or future chief financial officer, in-house counsel, president, chief executive officer or chairperson of an **Organization**; or . . such **Organization** having gained in fact any profit, remuneration or advantage to which such **Organization** was not legally entitled."

As set forth above, Federal will have the burden of proving that applicability of any policy exclusions and limitations on coverage. Children's Friend, 893 A.2d at 230. However, if any or all of the above policy exclusions are unambiguous and applicable to the Underlying Action, they must be enforced as written to bar coverage. Porto, 811 A.2d at 1198-

99.

Defendants have sought coverage for the Underlying Action under the 2004 Policy. However, as alleged in the complaint, to the extent that the Underlying Action is deemed to be a "**Claim**" that was actually "first made" during the Policy Period of the 2002 Policy, then coverage would be barred by the following exclusions and limitations of the 2002 Policy:

(a) the Warranty Exclusion in the 2002 Policy, which would bar coverage to the extent that the Underlying Action arises out of facts and circumstances that the **Insureds** were aware of and that they knew or should have known might give rise to a claim as of March 15, 2002, the date that the Warranty Question was finally submitted to Federal;

(b) Section 5(b) of the 2002 Policy, which excludes coverage for any **Claim** "based upon, arising from, or in consequence of any demand, suit or other proceeding pending . . on or prior to" March 5, 2002;

(c) Section 5(c) of the 2002 Policy, which excludes coverage for any **Claim** that is "brought or maintained by or on behalf of any **Insured**.";

(d) Section 6(b) of the 2002 Policy, which excludes coverage for any **Claim** against an **Insured Person** that is "based upon, arising from, or in consequence of any deliberately fraudulent act or omission or any willful violation of any statute or regulation by such **Insured Person** . . .";

(e) Section 6(c) of the 2002 Policy, which excludes coverage for any **Claim** against an **Insured Person** that is "based upon, arising from, or in consequence of such **Insured Person** having gained in fact any personal profit, remuneration or advantage to which such **Insured Person** was not legally entitled . . .";

(f) Section 6.1(a) of the 2002 Policy, which excludes coverage for any **Claim** against an **Insured Organization** that is "based upon, arising from, or in consequence of any deliberately fraudulent act or omission or any willful violation of any statute or regulation by any past, present or future chief financial officer, President or Chairman of an **Insured Organization**. . ."; and

(g) Section 6.1(b) of the 2002 Policy, which excludes coverage for any **Claim** against an **Insured Organization** that is "based upon, arising from, or in consequence of an **Insured Organization** having gained in fact any profit or advantage to which such **Insured Organization** was not legally entitled . . ."

As noted, Federal will have the burden of proving that applicability of any policy exclusions and limitations on coverage. Children's Friend, 893 A.2d at 230. If any or all of the above policy exclusions are unambiguous and applicable to the Underlying Action, they must be enforced as written. Porto, 811 A.2d at 1198-99.

In addition, Count IV seeks a declaration that coverage under the 2002 Policy is barred due to the Insureds failure to give notice of this "**Claim**" "as soon as practicable" after it was first made, as mandated by Section 10 of the 2002 Policy, which required, as a "condition precedent" to coverage, that the Insureds provide such timely notice. Under Rhode Island law, an insured will be found to have violated a requirement to provide notice "as soon as practicable" if it does not act "diligently and with all reasonable dispatch . . ." Avco Corp. v. Aetna Cas. & Sur. Co., 679 A.2d 323, 329 (R.I. 1996). Furthermore, where, as here, a policy is issued on a "claims-made" basis, the failure to comply with the policy's notice provision is an absolute bar to coverage, regardless of whether or not the insurer was prejudiced by the insured's late notice. See DiLuglio v. New England Ins. Co., 959 F.2d 355 (1st Cir. 1992).

Finally, Count IV seeks a declaration that there is no coverage to the extent that the Underlying Action seeks the return or disgorgement of monies that the defendants had no lawful right to possess in the first place, because the return of such ill-gotten gain does not constitute an insurable "**Loss.**" As noted, under Rhode Island law the insured "bears the burden of proving a prima facie case, including but not limited to . . . [establishing] the loss as within the policy coverage . . ." Fireproofing, Inc., 716 A.2d at 757. Consequently, there will be no coverage for the Underlying Action if the defendants are not able to demonstrate that the amounts sought therein constitute "**Loss.**"

## V. REIMBURSEMENT\RECOUPMENT

Count V of the complaint seeks a monetary a monetary judgment against the defendants (except for Richard Gilbane) for the entire amount of **Defense Costs** that have been or will be paid on their behalf by Federal in connection with the Underlying Action, plus applicable interest. That claim for reimbursement is based upon Section 16(e) of the 2004 Policy,

which provides that "[a]ny advancement of **Defense Costs** shall be repaid to [Federal] by the **Insureds**, severally according to their respective interests, if and to the extent it is determined that such **Defense Costs** are not insured under this coverage section." Pursuant to the reasons and legal theories set forth above in Sections II through IV, which is incorporated by reference herein, coverage for the Underlying Action is barred by numerous terms, conditions and exclusions on coverage. Therefore, in the event that any or all of those exclusions, limitations or conditions on coverage are found to apply, Federal would be entitled to receive reimbursement of any **Defense Costs** paid pursuant to Section 16(e) of the Policy.

Dated: November 9, 2007

Respectfully submitted,

By: /s/ Stephen J. Reid, Jr.

Stephen J. Reid, Jr., Bar Id. No. 2811
sjr@blishcavlaw.com
BLISH & CAVANAGH, LLP
30 Exchange Terrace
Providence, R.I. 02903
Tel: (401) 831-8900
Fax: (401) 751-7542

Attorneys for Plaintiff
Federal Insurance Company

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of November, 2007, I caused the foregoing Federal Insurance Company's Rule 16 Conference Statement to be electronically served on:

Matthew F. Medeiros, Esq.
mfm@lmkbw.com
Little, Medeiros, Kinder, Bulman & Whitney, P.C.
72 Pine Street
Providence, RI 02903

Anne Robbins, Esq.
arobbins@lynchbrewer.com
Lynch, Brewer, Hoffman & Fink, LLP
101 Federal Street, 22nd Floor
Boston, MA 02110

Steven L. Schreckinger, Esq.
sschreckinger@lynchbrewer.com
Lynch, Brewer, Hoffman & Fink, LLP
101 Federal Street, 22nd Floor
Boston, MA 02110

John T. Walsh, Jr., Esq.
jwalsh@hcc-law.com
Higgins, Cavanagh & Cooney, LLP
the Hay Building, 4th Floor
123 Dyer Street
Providence, RI 02903

Kenneth A. Sweder, Esq.
ksweder@sweder-ross.com
Sweder & Ross LLP
21 Custom House Street, Suite 300
Boston, MA 02110

/s/ Lorraine D. Leclerc